# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Gordon P. Gallagher, United States Magistrate Judge


Civil Case No. 19-CV-01445-RBJ-GPG


RMR INDUSTRIALS, INC.,

     Plaintiff,

v.

GARFIELD COUNTY, COLORADO; and THE GARFIELD COUNTY BOARD OF COUNTY COMMISSIONERS, JOHN MARTIN, TOM JANKOVSKY, and MIKE SAMSON, in their official capacities.

     Defendants.

## RECOMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS OR STAY

This matter comes before the Court on Defendants' motion to dismiss or stay (ECF # 25)[1], Plaintiff's response (ECF#33), and Defendants' reply (ECF #34).  The motion has been referred to this Magistrate Judge for recommendation (ECF #27).[2]  The Court has reviewed the pending motion, response, and all attachments.  The Court has also considered the entire case

---

[1] "(ECF #25)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

file, the applicable law, and is sufficiently advised in the premises.    This Magistrate Judge respectfully recommends that the motion be GRANTED—STAYING this action.

Plaintiff herein filed the complaint (ECF #1) seeking injunctive relief to stop Defendant Garfield County from enforcing its notice of violation (NOV) with regard to the operation of a limestone quarry operated by Plaintiff in Garfield County, Colorado.  The quarry at issue has been operated by a number of entities and was acquired by Plaintiff RMR in 2016.  Plaintiff's complaint (ECF #1, pp. 3-6).  While the quarry is on land under the jurisdiction of the Bureau of Land Management (BLM), various entities have exerted authority over the mining activities on the property, those primarily being the BLM, the State of Colorado Division of Reclamation, Mining and Safety (DRMS), and the Garfield County Board of County Commissioners (BOCC). *Id*.  At times, the regulations and permits at issue have been in conflict and at other times in relative accord. *Id*.

Some discrepancies exist over the acreage allowed variably by the BLM and the DRMS. *Id*. at p. 6.  Additionally, there appears to be some dispute over road access and maintenance. *Id*. at p. 5.  While not completely encapsulating the current dispute, the precipitating cause appears to be approved requests from Plaintiff to the BLM for permission to engage in mineral and dolomite exploration (ECF #1, p. 6, para 52) and to the DRMS for much the same request (ECF #1, p. 7, para. 53).  The NOV issued by Garfield County addresses a variety of violations, all activities permitted by the BLM and DRMS.  *See* NOV, Plaintiff's complaint (ECF #1, p. 7) (the NOV addresses: the size of the quarry; the materials being extracted and marketed; the road maintenance plan; the dolomite exploration—and requires compliance and includes a cease and desist demand).  Put simply, Plaintiff's theory is that Garfield County has no authority to enforce

its NOV, as the Federal Mining Act, 28 U.S.C.A. §§ 21-26, preempts any authority Garfield County may have on this subject.

At this point, essentially due to various agreements, the BOCC has not yet acted to enforce the NOV—although that agreement could conceivably disintegrate at any time during the course of litigation. As the NOV has not yet been enforced, it does not appear that damages are yet at issue—only injunctive relief.

Four days prior to filing this action, Plaintiffs filed an action in Colorado State Court, 2019CV30087, a State Court Rule 106 action. Plaintiff's response (ECF #33, p. 3). The purpose of an action under Colorado Rule of Civil Procedure 106 is to determine if "[a] governmental body or officer or any lower judicial body exercising judicial or quasi-judicial functions has exceeded its jurisdiction or abused its discretion, [when] there is no plain, speedy and adequate remedy otherwise provided by law." Rule 106, (a)(4).

*Younger* abstention

Defendants now move to dismiss or stay on the basis that *Younger* abstention precludes the federal courts from weighing in at this time. *See Younger v. Harris*, 401 U.S. 37 (1971). Per *Younger*, "[a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colorado Bd. of Medical*

*Examiner*, 187 F.3d 1160, 1163 (internal quotation marks and citation removed). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Id.* at 1163. The Supreme Court recently reaffirmed that *Younger* only applies in three different circumstances: (1) state criminal proceedings; (2) civil enforcement proceedings; and (3) civil proceedings involving orders that uniquely further the state courts' ability to perform judicial functions. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013).

Ongoing state proceeding

No party disputes that there is an ongoing state proceeding—although Plaintiff argues that the matter was essentially filed as a placeholder to meet the twenty-eight (28) day filing requirement of Colorado Rule 106 and in case the federal matter was later dismissed because moving to dismiss is a "common litigation tactic." Plaintiff's response (ECF #33, p. 3).  The same Counsel for Plaintiffs filed the state action, 2019CV30087, four (4) days prior to filing this case.  That action is temporarily stayed and that stay may be extended.  *See* Order Issuing Temporary Stay (ECF #35-1, pp. 1-4) (Plaintiff herein requested a stay from the state court and the Honorable Judge Norrdin temporarily stayed the matter to allow additional briefing).  The odd posture here is that Plaintiff filed both actions, the state action on May 17 and the federal action on May 21.  Plaintiff now moves to stay the state action and Defendants similarly move to stay the federal action.  This duel of the stays now needs to be waged so that the parties can proceed with litigation on their underlying dispute.

While there is no disagreement as to the existence of both cases and the dates they were filed, Plaintiff basically encourages the Court to discount the state action on the basis that Plaintiff does not believe that case is at issue.  Plaintiff argues that the state action was merely filed as precaution to preserve rights, that the Defendants were never served, and that Defendants answer in the state court action was only filed as a "procedural tactic to bolster [Defendants' argument as to this motion]."  Plaintiff's response (ECF #33, p. 6).

Cutting through the gamesmanship, the Court finds that both cases are in their early stages—with each side hurrying some actions and delaying others for purposes of presumably bettering their individual arguments as to which case is really at issue.  Each side may have tactical reasons why each wants to proceed in a certain court, Plaintiff in federal court and Defendants in state court.  Nevertheless, it was Plaintiff who chose to file both cases and who chose the order of filing.  As to the fist *Younger* factor, I find that there is an ongoing state action and that such action predates the present case, albeit slightly.  I also keep in mind, that like in *Amanatullah* where this Court is asked to abstain, the state action had not yet proceeded to a hearing—in that matter before an administrative law judge—and I must assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Amanatullah*, 187 F.3d at 1164.

Coercive versus remedial

However, this is not the end of analysis as to the first prong because the first prong has two sub-parts, the second of those being whether this is the type of state proceeding that is due

the deference accorded by *Younger* abstention. *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009). A determination whether the administrative proceeding is the type of proceeding that merits *Younger* abstention involves an inquiry into whether the state proceeding is remedial or coercive—only the latter of which is entitled to *Younger* deference. This inquiry has evolved primarily from two United States Supreme Court cases, *Patsy v. Florida Board of Regents*, 457 U.S. 496 (1982), and *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986).

To determine whether a proceeding is remedial versus coercive, I look to *Brown ex rel. Brown v. Day*, 555 F.3d 882 (10th Cir. 2009), for guidance. Therein, the plaintiff sued a Kansas official after Kansas terminated plaintiff's Medicaid benefits. *Brown,* 555 F.3d at 884. While the *Brown* case had a bit of a tortured history, *Younger* abstention ultimately turned on whether the case itself was the type that warranted abstention.

> First, we must query whether the federal plaintiff initiated the state proceeding of her own volition to right a wrong inflicted by the state (a remedial proceeding) or whether the state initiated the proceeding against her, making her participation mandatory (a coercive proceeding). Second, we must differentiate cases where the federal plaintiff contends that the state proceeding is unlawful (coercive) from cases where the federal plaintiff seeks a remedy for some other state-inflicted wrong (remedial). Even this test is not entirely determinative; below, we also discuss other factors that may distinguish remedial proceedings from coercive ones.

*Brown*, 555 F.3d at 889.

Here, as in *Ree-Co Uranium L.P. v. New Mexico Mining Commision*, 2011 WL 13272411 *8 (D. N.M. 2011) (not-published and not binding on this Court), suit was filed by Plaintiff, perhaps not the traditional model for what would be considered coercive. Yet, as in *Ree-Co*

*Uranium L.P.*, the state action is coercive as it was truly initiated by the issuance of the NOV and the litigation stemming from the NOV was just an outgrowth of that initial coercive action.

Another example is the *Laurel* case discussed in *Brown,* the *Laurel* case being particularly applicable. *See* Brown, 555 F.3d at 891. In *Laurel,* the plaintiff, after proceeding through an ALJ proceeding but before seeking review of an adverse decision, filed suit in federal court. *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 160 (4th Cir. 2008). *Laurel* was challenging the Maryland equivalent of an NOV requiring plaintiff to take certain action or lose a mining license—the Court found *Younger* abstention appropriate and that the state action was coercive. The initial action in *Laurel* was coercive and seeking relief in another court, e.g., federal court, does not change the initial coercive nature of the action. *See Laurel,* 519 F.3d at 166-67. Plaintiff's clear goal in this action is to prevent enforcement of Garfield County's NOV and avoid the penalties for failing to comply—thus satisfying the first *Younger* prong as this is a coercive action.

Adequacy of the alternate fora

As to the second prong, I must determine whether the state court provides an adequate forum to hear the claims raised in the federal complaint. *See Amanatullah*, 187 F.3d at 1163. Plaintiff argues that the state court is not an adequate form on the basis that Rule 106 jurisdiction is limited to a determination of whether the local government tribunal has exceeded its jurisdiction or abused its discretion. *See* Colo.R.Civ.P. 106(a)(4)(I). Further, Plaintiff asserts that its claims under 42 U.S.C. § 1983 are not asserted in the Rule 106 action. *Trans Shuttle, Inc.*

*v. Public Utilities Com'n*, 24 Fed. Appx. 856 (10th Cir. 2001) is similar to this matter in that the Plaintiff therein filed both a state Rule 106 action and filed suit in federal court asserting a claim under 42 U.S.C. § 1983. In *Trans Shuttle*, the parties disputed whether the state court was an adequate forum for a preemption claim, whether the state forum was appropriate because it did not include defendants involved in the federal suit (inapplicable here as the parties are the same), and whether the state court had jurisdiction to address the federal law issues (similar to the first argument). *Id*. at 859-60. On all points, it was determined that the state court "provides a suitable fora by which the [plaintiffs] may obtain a remedy for their alleged constitutional violation. *Id*. at 860.

Here, assuming as I must that the state procedures will provide an adequate remedy, the state court is an adequate forum for addressing the preemption claim and the state court has jurisdiction to address federal law issues. As to the theoretical claim for damages, that issue can and will be addressed by way of a stay rather than dismissal at this juncture. *See Deakins v. Monaghan,* 108 S.Ct. 523, 529-30 (1988) (stating that federal district court was required to abstain from deciding claims for monetary relief that could not be redressed in related state court proceeding); *Myers v. Garf,* 876 F.2d 79, 81 (10th Cir.1989) (the district court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding). The second *Younger* prong is satisfied in that the state court provides an adequate forum for resolution of this dispute.

Importance of the state interest

The third *Younger* prong requires me to consider whether the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Amanatullah*, 187 F.3d at 1163.   The state interests involved here are no small matter. Colorado and its' discrete counties have developed systems for the granting and denial of mining permits. These systems ensure the viability and conservation of the state's natural resources. *See, e.g.*, *Burford v. Sun Oil Co.*, 319 U.S. 315, 320 (1943) (noting that Texas' interests in gas and oil are tied to the conservation of those resources as well as the economy of the state).

Plaintiff's argument herein, that this matter is not an important state interest as it addressed Garfield County's NOV rather than a dispute directly with DRMS is misguided.  As in *Ree-Co Uranium L.P.*, the net must be cast much wider to address "the importance of the generic proceedings to the State" rather than the discrete sub-issue, the NOV in this matter.   *Ree-Co Uranium L.P.*, 2011 WL 13272411 *8; S*ee also New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 365 (1989) ("we do not look narrowly to its interest in the *outcome* of the particular case—which could arguably be offset by a substantial federal interest in the opposite outcome. Rather, what we look to is the importance of the generic proceedings to the State.").  Since the discovery of gold in gravel deposits in Cherry Creek in the 1850's, until now, the importance of mining to the State of Colorado is unquestionable—such interest even being enshrined in the State Seal.  The importance of mining and mining law is axiomatic to the State of Colorado and in this case important statewide issues are in question.

Again, that is not the end of the analysis.  The *Sprint* decision has significantly cabined the breadth of *Younger* abstention as applied in this Circuit.  *See Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (limiting *Younger* abstention to three enumerated exceptional circumstances: (1) ongoing state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings involving certain orders uniquely in furtherance of the state court's ability to perform its judicial functions).  This issue can be quickly resolved based on the discussion *supra* as to whether this matter is coercive versus remedial.  The County's action herein, a coercive action, falls squarely within the enumerated exception for a civil enforcement proceeding.  Thus, the third *Younger* prong is met.

*Colorado River* doctrine

Unlike *Younger's* requirement to abstain under certain conditions, abstention pursuant to *Colorado River* is discretionary. Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976).  However, based upon principles resting on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," a federal court may dismiss an action proceeding concurrently with a state court action. *Colorado River*, 424 U.S. at 818.

Parallel proceedings

The first step under the *Colorado River* analysis is to determine "whether the state and federal proceedings are parallel." *Allen v. Bd. of Educ., Unified Sch. Dist.,* 436, 68 F.3d 401, 403 (10th Cir.1995). Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums." *Id.* A court must examine "the state proceedings as they actually exist to determine whether they are parallel to the federal proceedings, resolving any doubt in favor of exercising federal jurisdiction." *Id.* If the cases are not parallel, the federal court must exercise jurisdiction. *Id.* at 403.

Here, the proceedings arise out of the same operative set of facts and raise similar legal issues. Both suits address the County's authority to enforce the NOV in light of BLM and DRMS regulations. The state court action is an entirely appropriate vehicle for the complete resolution of this controversy. The two actions are sufficiently parallel to warrant abstention. If this Court stays or dismisses, I find that there will be nothing further to do in order to resolve a substantive part of the case. *See Colorado River,* 460 U.S. at 28.

Nonexclusive factors

As I find the proceedings parallel, I must next apply the following nonexclusive factors in order to decide whether exceptional circumstances exist to warrant deference to parallel state proceedings: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. *Colorado River*, 424 U.S. at 818. No single

factor is determinative, I must balance the factors, and any doubt should be resolved by exercising federal jurisdiction. *Fox v. Maulding,* 16 F.3d 1079 (10th Cir. 1994) (citations removed).

No court has assumed jurisdiction over the property, so the first factor is not at issue.

The second factor, convenience, is disputed with the Plaintiff asserting either the state court or the federal court to be equally convenient and the Defendants arguing, tepidly, that the state court presents a more convenient forum.  The federal court, depending on how this matter proceeds, will physically be in either Grand Junction (approximately 75 minutes from Glenwood Springs) or Denver (approximately 165 minutes from Glenwood Springs).  Of course, for many preliminary and other proceedings—such as this discrete sub-part—these matters can be accomplished by telephone or in writing and require no travel.  The state court is in Glenwood Springs.  Were the matter to proceed to trial, statistically less than 3% of civil matters reach that stage, witnesses and the situs of the events are closer to the state court.  As to the convenience of the attorneys, I give this little contemplation.  Attorneys frequently are involved in matters worldwide and must bear the requirements of travel as a benefit or detriment of the profession. Ultimately, this factor tips, slightly, in favor of Plaintiff and that only because of the possibility of trial and the convenience of witnesses during that stage.

As to piecemeal litigation, this factor is also not at issue.  Both actions are at their inceptions and there are dueling motions to stay.  The Court finds it likely that one of these matters will be stayed and the other will proceed apace.  Thus, the resolution will not be piecemeal.

As to the order of filing, this to has little sway on the Court.  Plaintiff, perhaps tactically unwisely, filed the Rule 106 action four days prior to this case.  As neither has substantively progressed and the period between filings is so brief, I cannot find that this factor breaks in favor of either party.

Ultimately, I cannot find that the list of factors has a clear winner.  Thus, as doubts must be resolved in favor of federal jurisdiction, *see Fox,* should the District Court not adopt by recommendations to abstain pursuant to *Younger*, I do not recommend abstention under *Colorado River*.

As Plaintiff's federal suit requests monetary damages, however speculative at this point, that cannot be addressed in the Rule 106 proceeding, I must recommend a stay rather than dismissal.  *See Allen v. Board of Educ., Unified School Dist. 436,* 68 F.3d 401, 404 (10th Cir. 1995).

For the foregoing reasons, this Magistrate Judge respectfully recommends that the motion to dismiss or stay be GRANTED STAYING this matter.

Dated at Grand Junction, Colorado this September 29, 2019.

_____

Gordon P. Gallagher

United States Magistrate Judge