IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-CV-01445-RBJ-GPG

RMR INDUSTRIALS, INC., a Nevada Corporation,

        Plaintiff,

v.

GARFIELD COUNTY, COLORADO; and THE GARFIELD COUNTY BOARD OF COUNTY COMMISSIONERS, JOHN MARTIN, TOM JANKOVSKY, and MIKE SAMSON, in their official capacities,

        Defendants.

## DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS OR STAY

Pursuant to Federal Rule of Civil Procedure 72, Defendants Garfield County, the Garfield County Board of County Commissioners, John Martin, Tom Jankovsky, and Mike Samson (collectively the "County" or "Defendants") respectfully submit the following objection to Magistrate Judge Gallagher's Recommendation Regarding Defendants' Motion to Dismiss or Stay (Doc. 36) (the "Recommendation"). Defendants do not object to the Recommendation's conclusion that abstention is warranted in this case under *Younger v. Harris*, 401 U.S. 37 (1971) ("*Younger*"). But, for the reasons discussed below and in its Motion to Dismiss or Stay (Doc. 25) (the "Motion"), Defendants object to Magistrate Judge Gallagher's recommendation that it should not abstain under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*").

## INTRODUCTION

On May 17, 2019, Plaintiff RMR Industrials, Inc. ("Plaintiff" or "RMR") filed a state court action against the County in Garfield County District Court to stop the County from enforcing a Notice of Violation concerning Plaintiff's limestone quarry operations. Plaintiff subsequently filed this action in federal court on May 21, 2019 seeking essentially the same relief as it seeks in the state court action. On July 22, 2019, the County filed its Motion asking the Court to dismiss or stay this case based on both *Younger* and *Colorado River*. The Motion was referred to Magistrate Judge Gallagher, who recommended that the Motion be granted and that the present case be stayed pursuant to *Younger*.

Magistrate Judge Gallagher correctly concluded that abstention was appropriate in this case. Defendants agree with the Court's Recommendation to abstain based on *Younger* and with its assessment of the circumstances of the parallel state and federal actions. Because *Colorado River* provides an additional independent basis for this Court to abstain, however, Defendants object only to Magistrate Judge Gallagher's Recommendation regarding the application of *Colorado River* abstention.

## ARGUMENT

*Colorado River* applies in the instant case and grants the Court the power to refrain from hearing cases "which are duplicative of a pending state proceeding." *CNSP, Inc. v. City of Santa Fe*, 753 F. App'x 584, 588 (10th Cir. 2018) (unpublished) (quoting *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1233 (10th Cir. 2013)). This "principle—the avoidance of duplicative litigation—is at the core of the *Colorado River* doctrine." *Id.* (quoting *D.A. Osguthorpe*, 705 F.3d at 1233). "The doctrine permits a federal court to dismiss or stay a

federal action in deference to pending parallel state court proceedings, based on 'considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) (quoting *Colorado River*, 424 U.S. at 813).

To exercise its discretion under *Colorado River*, the Court must first determine whether the state and federal proceedings are parallel, and if they are parallel, it must then consider a non-exclusive list of factors that indicate whether "exceptional circumstances" warrant deference to the state court proceedings. *Id.* at 1081. Here, Magistrate Judge Gallagher found, and Defendants agree, that the state and federal proceedings at issue are parallel. He concluded that "the proceedings arise out of the same operative facts and raise similar legal issues," that "the state court action is an entirely appropriate vehicle for the complete resolution of this controversy," and that if this Court abstains "there will be nothing further to do in order to resolve a substantive part of the case." Recommendation at 11.

Once the Court has decided the proceedings are parallel, the Court considers a nonexclusive list of factors to decide "whether 'exceptional circumstances' exist to warrant deference to parallel state proceedings: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction." *Fox*, 16 F.3d at 1082 (citing *Colorado River*, 424 U.S. at 818). Other factors may include "whether federal law provides the rule of decision . . . and the adequacy of the state court action to protect the federal plaintiff's rights." *Id.* at 1082 (internal citations omitted). "No single factor is dispositive." *Id.*

When Magistrate Judge Gallagher applied the *Colorado River* factors, he decided that exceptional circumstances do not warrant abstention. Defendants disagree with Magistrate Judge Gallagher's application of the pertinent *Colorado River* factors. The County maintains that the *Colorado River* factors weigh in favor of abstention here.

### Jurisdiction over the Property

The County agrees with Magistrate Judge Gallagher's analysis of the first factor.

### The Inconvenience of the Federal Forum

Magistrate Judge Gallagher applied the correct analysis of the convenience factor, but his ultimate conclusion that this factor tips in favor of Plaintiff is contrary to the analysis. Magistrate Judge Gallagher began his analysis by noting Plaintiff's assertion that the convenience factor is neutral and Defendants' argument that the state court presents a more convenient forum. Recommendation at 12. He then examined the physical location of the events and witnesses involved in this case in relation to the federal and state courthouses and concluded that "[w]ere this matter to proceed to trial . . . witnesses and the situs of the events are closer to the state court." *Id.* However, Magistrate Judge Gallagher then found that "this factor tips, slightly, in favor of *Plaintiff* . . . because of the possibility of trial and the convenience of the witnesses during that stage." *Id.* (emphasis added). Given the preceding analysis that the state court would be more convenient if this case proceeds to trial, the state court presents a more convenient forum. This factor thus weighs, even if only slightly, in favor of federal court abstention.

<u>The Desirability of Avoiding Piecemeal Litigation</u>

"The avoidance of piecemeal litigation is the 'paramount' consideration of the *Colorado River* doctrine." *CNSP, Inc. v. City of Santa Fe*, No. 17-cv-827 MCA/KRS, 2018 WL 1737549, at \*5 (D.N.M. Apr. 9, 2018), *aff'd on other grounds by CNSP, Inc.*, 735 Fed. App'x 584 (citing *D.A. Osguthorpe*, 705 F.3d at 1234). Magistrate Judge Gallagher determined that this factor is "not at issue." Recommendation at 12. This conclusion, however, presupposes abstention on other grounds (i.e., *Younger*) and thus does not complete the analysis that *Colorado River* mandates. *See id*. *Younger* provides an independent and appropriate ground for this Court to abstain, and if the Court adopts the *Younger* portion of the Recommendation, piecemeal litigation will be a nonissue. But if the Court declines to adopt the Recommendation to abstain under *Younger*, the desirability of avoiding piecemeal litigation will be a relevant and critical factor weighing strongly in favor of abstention.[1] The Court therefore must still decide whether *Colorado River* abstention would avoid the risk of piecemeal litigation. *See* Recommendation at 13. Magistrate Judge Gallagher did not analyze this question.

Setting aside *Younger*, abstaining here under *Colorado River* while the parties proceed in state court is the most efficient means of resolving the parties' dispute, and it avoids any risk of piecemeal litigation. As Magistrate Judge Gallagher noted, the state court action provides an "entirely appropriate vehicle for the complete resolution of this controversy." Recommendation at 11. If this case is stayed until the state action is resolved, there will likely be no need to do anything further in this Court. *See id.* If any issues do remain unresolved (such as Plaintiff's

---

[1] Magistrate Judge Gallagher's assessment that "resolution will not be piecemeal" because "it [is] likely that one of these matters will be stayed and the other will proceed apace" affirms that abstention is the proper means of preventing piecemeal litigation. Recommendation at 12.

alleged theoretical damages), this case can proceed without any risk of "inconsistent and conflicting results." *See CNSP, Inc.*, 2018 WL 1737549, at *6. This factor therefore weighs in favor of abstention.

### The Order in Which the Courts Obtained Jurisdiction

The next factor is the order in which the courts obtained jurisdiction. Magistrate Judge Gallagher's conclusion that this factor does not "break[] in favor of either party," Recommendation at 13, fails to give adequate weight to "the general rule in federal litigation that the first court to obtain jurisdiction should have priority." *Adolph Coors Co. v. Davenport Mach. & Foundry Co.*, 89 F.R.D. 148 at 153 (10th Cir. 1981). The mandate that this factor "should not be measured *exclusively* by which complaint was filed first" does not instruct courts to disregard the order of filings. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 3 (1983) (emphasis added). As the first-filed case, the state court action takes priority, and this factor thus tips in favor of abstention.

### Other Factors Supporting Abstention

As Magistrate Judge Gallagher notes, the factors he applied are "nonexclusive." Recommendation at 11. As discussed in Defendants' Motion, additional relevant factors support abstention under *Colorado River*, including that state and local law provide the rule of decision for claims in both the state and federal court actions, and that the state court provides an adequate and appropriate forum to hear all of Plaintiff's claims. Motion at 14–15. While Magistrate Judge Gallagher examined these factors in concluding that the parties were involved in parallel proceedings, these factors provide additional justification for abstention under the *Colorado River* balancing test.

## **CONCLUSION**

The *Colorado River* factors weigh in favor of abstention here. Therefore, Defendants respectfully request that the Court decline to adopt the Magistrate Judge's Recommendation regarding *Colorado River* abstention, and grant Defendants' Motion pursuant to both *Younger* and *Colorado River*.

Respectfully submitted,

Date: October 15, 2019

**ARNOLD & PORTER KAYE SCHOLER LLP**

By: */s/ Timothy R. Macdonald*
Timothy R. Macdonald
Kathleen K. Custer
370 Seventeenth Street, Suite 4400
Denver, CO 80202-1370
Telephone: (303) 863-1000
Fax: (303) 832-0428
timothy.macdonald@arnoldporter.com
katie.custer@arnoldporter.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2019, I electronically filed the foregoing **OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS OR STAY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

David McConaughy - dmcconaughy@garfieldhecht.com
Christopher Bryan - cbryan@garfieldhecht.com
Bailey Calhoun - bcalhoun@garfieldhecht.com

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　　　*/s/ Timothy R. Macdonald by Tanya D. Huffaker*