**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 19-cv-01445

RMR INDUSTRIALS, INC.,

    Plaintiff,

v.

GARFIELD COUNTY, COLORADO; and THE GARFIELD COUNTY BOARD OF COUNTY COMMISSIONERS, JOHN MARTIN, TOM JANKOVSKY, and MIKE SAMSON, in their official capacities.

    Defendants.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS OR STAY**

---

Pursuant to Fed. R. Civ. P. 72(b)(2), Plaintiff RMR Industrials, Inc. ("RMR"), by and through its attorneys, Garfield & Hecht, P.C., respectfully responds in opposition to Defendants' Objection [Doc. #37] to Magistrate Judge Gallagher's Recommendation [Doc. #36] Regarding Defendants' Motion to Dismiss or Stay [Doc. #25] ("Objection") as follows:

**INTRODUCTION**

Although RMR does not concede that abstention is appropriate in this case, it did not file an objection to Magistrate Judge Gallagher's recommendation. However, despite Defendants' insistence that it would be beneficial to the parties to move on with litigation in state court as quickly as possible, they filed an objection on an academic point that will have no effect on the proceeding. Whether the Court decides to adopt Magistrate Judge Gallagher's recommendation

regarding *Colorado River* abstention or not, the outcome will be the same. The Magistrate Judge has recommended that this federal case be stayed pursuant to *Younger* abstention. The Objection is therefore moot and a waste of resources. Notably, *Colorado River* abstention is the only issue in the recommendation to which Defendants have objected. Accordingly, they have tacitly conceded as to the recommendation's conclusion that dismissal of this federal case would be inappropriate.

## LEGAL ARGUMENT

The Court should not to abstain pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

### A. Standard of Review

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. P. 72(b)(3) requires that the district judge determine *de novo* any part of the magistrate judge's recommended disposition that has been properly objected to. *McDonald v. Arapahoe County*, Civ. Action No. 17-cv-017010, Order Affirming and Adopting the January 26, 2018, Recommendation of United States Magistrate Judge. A party's failure to object will not preserve the objection for *de novo* review. Recommendation Regarding Defs.' Mot. to Dismiss or Stay at n. 2 [Doc. #36]; *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("A party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.").

Defendants objected solely to Magistrate Judge Gallagher's recommendation that the Court not abstain pursuant to *Colorado River*. Defendants did not object to Magistrate Judge

Gallagher's recommendation that the case be stayed rather than dismissed. [Doc. #36 at 13.] Therefore, Defendants have waived any *de novo* review by this Court and appellate review of the remedy recommended by Magistrate Judge Gallagher. For that reason, this Response will focus solely on why Magistrate Judge Gallagher was correct in his recommendation not to abstain pursuant to *Colorado River*.

### B. The Court Should Not Abstain Pursuant to Colorado River

*Colorado River* holds that, based on considerations of wise judicial administration, abstention may be appropriate when there are related state and federal proceedings even when the traditional theories for abstention do not apply. *Colorado River*, 424 U.S. at 817. However, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the federal court having jurisdiction," and "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Id.*

Before a court may exercise its discretion to abstain under *Colorado River*, it must determine that the state and federal proceedings are parallel. *Allen v. Bd. of Educ., Unified Sch. Dist.*, 68 F.3d 401, 403 (10th Cir. 1995). Next, if the state and federal proceedings are parallel, the court must consider the following nonexclusive list of factors to determine if exceptional circumstances exist to warrant abstention: (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction. *Colorado River*, 424 U.S. at 818.

The *Colorado River* factors weigh against abstention under that doctrine for the reasons that Magistrate Judge Gallagher set forth in his recommendation.

### 1. This Proceeding and the State Court Proceeding Are Not Parallel

Suits are parallel if "substantially the same parties litigate substantially the same issues in different forums." *Allen*, 68 F.3d at 403. Although Magistrate Judge Gallagher recommended otherwise [Doc. #36 at 11], this federal case and the state court C.R.C.P. 106 action are not "parallel proceedings." While both suits do involve the same parties and arise from the same unlawful action of Defendants, the scope of discovery, evidence, claims, and issues for trial in this federal case will be substantially broader. In this suit, unlike the narrow state court proceeding, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983. Furthermore, the state court C.R.C.P. 106 action has a narrow and limited inquiry, and Colorado law expressly authorizes a separate case for a Section 1983 action. *See Sundheim v. Bd. of County Comm'rs*, 904 P.2d 1337, 1345 (Colo. App. 1995).

### 2. The Nonexclusive Factors Do Not Weigh in Favor of Abstention

Even if the two cases are "parallel proceedings," Magistrate Judge Gallagher was correct in determining that the factors enumerated in *Colorado River* do not weigh in favor of abstention. The factors announced in *Colorado River* are to be carefully balanced "with the balance heavily weighted in favor of the exercise of jurisdiction." *Allen*, 68 F.3d at 403 (quoting *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). In this case, every factor either weighs in favor of federal jurisdiction or is neutral and therefore must be weighed in favor of federal jurisdiction. *See id*.

The first *Colorado River* factor is not an issue because no court has assumed jurisdiction over property.

The second factor—i.e., the inconvenience of the federal forum—weighs in favor of declining to abstain under *Colorado River*. As Magistrate Judge Gallagher stated, the majority of the proceeding can take place over telephone or in writing, attorneys are frequently required to travel, and statistically speaking it is highly unlikely that this matter will proceed to trial. [Doc. #36 at 12.] Furthermore, the United States Court of Appeals for the Ninth Circuit has held that a distance of 200 miles within the Central District of California was not a sufficiently great inconvenience to justify abstention under *Colorado River*. *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368 (9th Cir. 1990). So, although the state court is in Glenwood Springs and may be slightly more convenient should the matter proceed to trial, there is at least some doubt as to whether the distances of the federal courts are a great enough inconvenience to warrant abstention because the federal court in Grand Junction is only 90 miles from Glenwood Springs, and the federal courthouse in Denver is 183 miles from Glenwood Springs. Also note that Defendants' Denver-based attorneys work in an office building mere blocks from the federal courthouse. Any doubt as to a factors weight must be decided in favor of exercising jurisdiction. [Doc. #36 at 12 (citing *Fox v. Maulding*, 16 F.3d 1079 (10th Cir. 1994)).] This factor therefore weighs in favor of federal jurisdiction.

The third factor (the desirability of avoiding piecemeal litigation) also weighs in favor of federal jurisdiction. Defendants state that Magistrate Judge Gallagher's determination that this factor is not at issue presupposes abstention on other grounds (i.e., *Younger*). [Doc. #37 at 5.] However, Magistrate Judge Gallagher's determination was actually based on the assumption that

either the state proceeding or this proceeding would be stayed. [Doc. #36 at 12.] Given that Magistrate Judge Gallagher recommended staying this proceeding under the *Younger* abstention doctrine, and neither party objected to that remedy, this is no longer an assumption. Absent something highly unusual, this proceeding will be stayed, and there is no danger of piecemeal litigation.

The fourth factor is the order in which the cases obtained jurisdiction; this factor is neutral. As Magistrate Judge Gallagher explained, Plaintiff filed the state court C.R.C.P. 106 action only four days prior to filing this federal lawsuit, and neither lawsuit has progressed substantially. [Doc. #36 at 13.] Defendants are correct that the Court should not disregard the order of filings. [Doc. #37 at 5.] But "the sequence of filing is not dispositive." *Adolph Coors Co. v. Davenport Mach. & Foundry Co.*, 89 F.R.D. 148, 153 (10th Cir. 1981). "The stage at which the respective concurrent proceedings exist is *pivotal*." *Id.* (emphasis added). Therefore, because the time between filings is so short and neither case has substantially progressed, this factor does not weigh in favor of either party.

Finally, other factors weigh in favor of retaining jurisdiction and declining abstention under *Colorado River*. Defendants conceded in their Motion to Dismiss not only that state and local law govern the disposition of some of RMR's claims but also that federal law applies as well, and therefore a factor based on the governing law "is neutral." Defs.' Mot. to Dismiss at 14 [Doc. #25]. Defendants now argue, however, that this factor weighs in favor of abstention. [Doc. #37 at 6.] In this proceeding, RMR brought claims for violation of the United States Constitution pursuant to 42 U.S.C. § 1983, and a primary issue for the Court to determine will be the extent to which federal law preempts local law as applied to the permits and NOV at issue here. Therefore,

6

federal law is critical to a disposition of RMR's claims, and this factor weighs in favor of federal jurisdiction.

## CONCLUSION

The Court should deny Defendants' objection.

Date: October 28, 2019.　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　GARFIELD & HECHT, P.C.

　　　　　　　　　　　　　　　　*s/ David H. McConaughy*
　　　　　　　　　　　　　　　　David H. McConaughy
　　　　　　　　　　　　　　　　901 Grand Avenue, Suite 201
　　　　　　　　　　　　　　　　Glenwood Springs, Colorado 81601
　　　　　　　　　　　　　　　　Telephone: (970) 947-1936
　　　　　　　　　　　　　　　　E-mail: dmcconaughy@garfieldhecht.com

　　　　　　　　　　　　　　　　*s/ Christopher D. Bryan*
　　　　　　　　　　　　　　　　Christopher D. Bryan
　　　　　　　　　　　　　　　　625 East Hyman Avenue, Suite 201
　　　　　　　　　　　　　　　　Aspen, Colorado 81611
　　　　　　　　　　　　　　　　Telephone: (970) 925-1936
　　　　　　　　　　　　　　　　E-mail: cbryan@garfieldhecht.com
　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

Case 1:19-cv-01445-RBJ-GPG   Document 38   Filed 10/28/19   USDC Colorado   Page 8 of 8

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2019, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS OR STAY** was filed with the Court and served via CM/ECF upon the following:

Timothy R. Macdonald
Kathleen K. Custer
ARNOLD & PORTER KAYE SCHOLER LLP
370 Seventeenth Street, Suite 4400
Denver, Colorado 80202-1000

*s/Rebekah Ortell*
Rebekah Ortell

Case 1:19-cv-01445-RBJ-GPG   Document 38   Filed 10/28/19   USDC Colorado   Page 8 of 8

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of October, 2019, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS OR STAY** was filed with the Court and served via CM/ECF upon the following:

Timothy R. Macdonald
Kathleen K. Custer
ARNOLD & PORTER KAYE SCHOLER LLP
370 Seventeenth Street, Suite 4400
Denver, Colorado 80202-1000

*s/Rebekah Ortell*
Rebekah Ortell