IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 19-cv-01445-RBJ-SKC

RMR INDUSTRIALS, INC.,

    Plaintiff,

v.

GARFIELD COUNTY, COLORADO; and THE GARFIELD COUNTY BOARD OF COUNTY COMMISSIONERS; JOHN MARTIN; TOM JANKOVSKY; AND MIKE SAMSON, in their official capacities,

    Defendants.

## ORDER re MAGISTRATE JUDGE RECOMMENDATION

RMR Industrials seeks declaratory and injunctive relief against the Garfield County, Colorado Board of County Commissioners and related individuals (collectively "the BOCC") to preclude enforcement of a Notice of Violation concerning RMR's limestone quarry. The BOCC moves to dismiss or stay the action pursuant to abstention doctrines as set forth in *Younger v. Harris,* 401 U.S. 37 (1971) and *Colorado River Water Conservation District v. United States,* 424 U.S. 800 (1976), noting that shortly before this suit was filed RMR filed a state court action seeking the same relief. ECF No. 25 (attaching the state court complaint as ECF No. 25-1).

The Court referred the motion to United States Magistrate Judge Gordon P. Gallagher for a report and recommendation. The motion was fully briefed. *See* ECF Nos. 34 (BOCC response) and 34 (RMR reply). On September 29, 2019 Magistrate Judge Gallagher issued a

written recommendation in which he recommended that the Court abstain and stay this action pursuant to *Younger* but not pursuant to *Colorado River*. ECF No. 36.

In his recommendation Judge Gallagher advised the parties that they could submit written objections to his recommendation within 14 days after service. *Id.* at 1, n.2. RMR did not file an objection. The BOCC timely filed a partial objection. It did not object to the recommendation for abstention pursuant to *Younger*. However, argued that the magistrate judge should also have recommended abstention under the *Colorado River* doctrine. ECF No. 37. RMR then filed a response in which it agreed with Judge Gallagher's recommendation not to abstain on the additional ground of the *Colorado River* doctrine. ECF No. 38.

## ANALYSIS AND CONCLUSIONS

This Court reviews de novo any timely objection to a magistrate judge recommendation on a dispositive motion. Fed. R. Civ. P. 72(b)(3). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

The Court assumes that a motion to dismiss or stay based on abstention doctrines is a "dispositive" motion. Accordingly, it has reviewed the BOCC's objection to the magistrate judge's decision not to recommend abstention on the additional ground of the *Colorado River* doctrine de novo. As a practical matter, the Court has reviewed the entire recommendation de novo, as it has reviewed all the relevant filings, i.e., the complaint and its exhibits; the motion to dismiss or stay; the state court complaint; the briefs in support of and opposition to the motion to

dismiss or stay; the recommendation; the partial objection to the recommendation; and the response to that partial objection.

As indicated, no objection was made by either party to Magistrate Judge Gallagher's application of *Younger* abstention. The Court finds that his analysis, which applied the doctrine as it was explained in *Amanatullah v. Colorado Board of Medical Examiners,* 187 F.3d 1160, 1163 (10th Cir. 1999), was thorough, thoughtful, and correct. That is enough to accept his recommendation for abstention and a stay.

As Judge Gallagher noted, unlike *Younger* abstention which is mandatory if its requirements are met, abstention pursuant to *Colorado River* is discretionary, based upon considerations of judicial economy and whether the state action is an appropriate forum for complete resolution of the dispute. ECF No. 36 at 10-11. Judge Gallagher considered applicable factors but found that none of them weighed heavily in either direction. Therefore, he recommended that doubts should be resolved in favor of a federal court's exercising its jurisdiction, and that "should the District Court not adopt by [sic] recommendations to abstain pursuant to *Younger,* I do not recommend abstention under *Colorado River.*" *Id.* at 13.

It appears to this Court that the BOCC has taken a "belt and suspenders" approach in its objection in case the Court did not accept the recommendation based on *Younger* abstention. That is now moot. Moreover, the bases for the BOCC's objection are not compelling. The BOCC does note that one of the factors determined by Judge Gallagher to tip slightly in favor of the plaintiff, i.e., the "convenience" factor, should have under the judge's analysis tipped in defendants' favor. ECF No. 37 at 4. I am inclined to agree with the BOCC on this one, but I suspect that this was essentially a typo in the recommendation. In the end it makes no

3

difference, as the convenience factor has a minimal impact regardless in whose favor it slightly tips.

The BOCC agrees that if the Court adopts *Younger* abstention, the "piecemeal litigation" factor is a nonissue. *Id.* at 5. The BOCC argues that Judge Gallagher did not give enough weight to the fact that RMR sued first in state court (by a matter of four days), but that too is moot in light of his recommendation under the *Younger* doctrine. So too with the other factors urged in the objection as supporting *Colorado River* abstention. In sum, to any extent that there is a reason to second guess Judge Gallagher's weighing of the factors relevant to the exercise of this Court's discretion under the *Colorado River* doctrine, I decline to do so.

## ORDER

1. The recommendation of Magistrate Judge Gallagher, ECF No. 36, is ACCEPTED and ADOPTED.

2. Defendants' motion to dismiss or stay, ECF No. 25, is GRANTED IN PART AND DENIED IN PART. This Court abstains pursuant to the doctrine articulated in *Younger v. Harris,* 401 U.S. 37 (1971). This action will be stayed and will be administratively closed, subject to reopening if appropriate.

DATED this 29th day of November, 2019.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge